UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re

CLIFTON MOTEL II, LLC,

Debtor.

Case No. 19-11097
Chapter 11

**APPLICATION FOR ORDER SHORTENING TIME PURSUANT TO
F.R.B.P. 9006 AND LIMITING NOTICE PURSUANT TO F.R.B.P. 9007
OF DEBTOR'S MOTION FOR AN ORDER TO JOINTLY ADMINISTER CHAPTER 11
CASES PURSUANT TO F.R.B.P. 1015(b)**

CLIFTON MOTEL II, LLC, ("Clifton Motel"), by and through its attorneys, Nolan Heller Kauffman LLP, respectfully applies to the Court for an Order pursuant to F.R.B.P. 9006 shortening time and F.R.B.P. 9007 limiting notice of its Motion pursuant to F.R.B.P. 1015(b) to jointly administer Chapter 11 cases, and in support of the application, states as follows:

1.      Clifton Motel filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on June 12, 2019. No trustee or examiner has been appointed herein. An unsecured creditors committee has not been appointed.

2.      The Debtor is a New York Limited Liability Company with its principal place of business located at 7 Northside Drive, Clifton Park, New York 12065 (the "Property"). The Debtor owns the Property at which Clifton Restaurant Group, LLC ("Clifton Restaurant") operates restaurant and banquet facilities. Clifton Suites, Inc. is the managing member of Clifton Motel. Clifton Hospitality, Inc. operates an independent, 75 room hotel at the Property. Each entity has some common ownership with the others.

3.      Bankruptcy Rule 1015(b) provides, in relevant part, that "[I]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may

NH18-2106082335-635366

order joint administration of the estates." The Debtor, Clifton Hospitality, Clifton Restaurant and Clifton Suites are "affiliates" as that term is defined under §101(2) of the Bankruptcy Code, by virtue of the common identity of some of the members of each company. Accordingly, this Court is authorized to grant the relief requested herein.

4. Entry of an order directing joint administration of these cases will avoid duplicative notices, applications, and orders, thereby saving the Debtor considerable time and expense. The rights of creditors will not be adversely affected as this motion requests only administrative, and not substantive, consolidation of the estates. Moreover, each creditor may still file its claim against a particular estate. In fact, the rights of all creditors will be enhanced by the reduced cost that will result from the joint administration of these cases. The Court also will be relieved of the burden of entering duplicative orders and maintaining duplicative files. Finally, supervision of the administrative aspects of these Chapter 11 cases by the United States Trustee for the Northern District of New York (the "United States Trustee") will be simplified.

5. Federal Rule of Bankruptcy Procedure 9006 permits the Court to reduce the time required for notice of a hearing on a debtor's motion to jointly administer Chapter 11 cases. It is anticipated that a substantial number of documents will be filed in the cases proposed to be jointly administered in a short period of time immediately after the filing of the petitions. In order to minimize or avoid the unnecessary duplication of filings in all of the cases, it is respectfully submitted that an expedited hearing on the application to jointly administer all four cases is in the best interests of the debtors, their estates and creditors. Accordingly, the Debtor respectfully requests that the Court shorten the usual notice period for the Motion and set a hearing for June 19, 2019 at 10:30 a.m., or as soon thereafter as the Motion can be heard.

6. The within application also seeks the Court's authorization to limit notice of the Motion to the Office of the United States Trustee, counsel for secured creditor Noah Bank, the United States Small Business Administration and the 20 largest creditors in the case and any creditors that have filed a notice of appearance, with service by electronic filing via CM-ECF, facsimile or regular mail. The Debtor is seeking to minimize expenses. Further, the relief requested does affect any party's substantive rights and is intended to efficiently administer the respective estates.

7. The Debtor believes the proposed Application is reasonable and justified under the circumstances.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an Order shortening time pursuant to F.R.B.P. 9006 and limiting notice pursuant to F.R.B.P. 9007 of the Debtor's Motion pursuant to F.R.B.P. 1015(b) to jointly administer Chapter 11 cases, as set forth herein and granting such other and further relief as may be deemed just, necessary and proper.

**Dated:** June 12, 2019
Albany, New York

**NOLAN HELLER KAUFFMAN LLP**
*Attorneys for Debtor*

By: _____
Francis J. Brennan, Esq.
80 State Street, 112th Floor
Albany, New York 12207
(518) 449-3300

NH18-2106082335-635366